# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

In re: Flowers By Emily, Inc.

    Debtor.

Case No. 24-20312-11

_____

**U.S. Trustee's Objection to Debtor's Plan of Reorganization**
_____

The United States Trustee objects to the Debtor's plan of reorganization because certain plan terms are unclear and because the discharge provision is inconsistent with the local rules.

## Background

The Debtor operates a retail floral store in Overland Park, Kansas. On March 22, 2024, the Debtor commenced this case by filing a voluntary petition for relief under Subchapter V of Chapter 11 of the U.S. Bankruptcy Code[1] and Rob Messerli was appointed as Subchapter V Trustee.[2]

---

[1] Doc. #1.

[2] Doc. #8.

1

On June 20, 2024, the Debtor filed its Plan of Reorganization.[3] The Debtor doesn't specify the length of the plan or whether it proposes to devote all disposable income to plan payments.

The plan notes that the Kansas Department of Revenue and the Internal Revenue Service have filed claims in the amount of $17,900.85 and $5,930.42 respectively for a total of $23,831.27 in priority unsecured tax claims.[4] The Debtor notes that it expects the IRS claim to be reduced to an unspecified amount.[5] The Debtor attached cash flow projections as Exhibit C to its plan of reorganization.[6] The cash flow projections forecast the priority tax claims to be paid in 41 payments of $775 each for a total of $31,775.[7]

The plan proposes general unsecured creditors to be paid a 10% dividend plus "a pro rata share of the net profit that the debtor earns for the four years following confirmation of the plan."[8] The cash flow

---

[3] Doc. #48.

[4] *Id*. at 9.

[5] *Id*.

[6] *Id*. at 22.

[7] *Id*.

[8] Doc. #48 at 9.

projections include an item for the 10% dividend payment but do not include items for the net profit payments or any cash reserves.

The plan provides that a discharge will be entered upon confirmation if the plan is confirmed on a consensual basis pursuant to § 1191(a) or upon competition of plan payments if a non-consensual plan is confirmed under § 1191(b).[9]

## Argument

*Certain Terms of the Plan are Unclear*

As noted above, the plan does not specify the proposed plan length or whether the Debtor proposes to devote all disposable income to plan payments. The Debtor should clearly articulate the plan length and whether it is devoting all disposable income to plan payments.

Treatment of priority tax claims is also unclear. Priority tax claims total $23,831.27 before the anticipated reduction of the IRS claim. But the plan budgets $31,775 in plan payments for priority tax claims. Therefore, it appears that the Debtor may have overallocated payments for priority tax claims. The Debtor should explain its proposed treatment of priority tax claims.

---

[9] *Id.* at 13.

The plan contemplates a dividend to general unsecured creditors in the amount of 10% plus a payment equaling the net profits. But the plan does not detail the projected amount of the net profit payments or when they will be made. And Debtor's cash flow projections do not contain an item for the net profit payments or any cash reserve. Debtor should amend the cash flow projections to include detail concerning the net profit payments and any cash reserves.

*The Discharge Provision is Inconsistent with Local Rules*

The plan calls for entry of a discharge order upon confirmation if confirmed consensually or upon completion of plan payments if confirmed on a non-consensual basis. But Local Bankruptcy Rule 4004.1(b) requires Subchapter V debtors to file a motion for entry of discharge. The Debtor cites no authority to deviate from the local rule concerning entry of a discharge.

## Conclusion

The court should decline confirmation of the Debtor's plan of reorganization in its current form because certain terms are unclear and because the discharge provision is inconsistent with local rules.

Respectfully submitted,

ILENE J. LASHINSKY,
UNITED STATES TRUSTEE

By: */s/ John Nemecek*,
John Nemecek
Trial Attorney
Admitted in Michigan, P71371
Appearing under 28 U.S.C. § 515(a)
301 N. Main St., Suite 1150
Wichita, KS 67202
316-269-6216(phone)
John.Nemecek@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on July 22, 2024, a true and correct copy of this **Objection** was electronically filed with the Court using the CM/ECF system, which sends notification to all parties of interest participating in this case through the CM/ECF system.

*s/John Nemecek*
John Nemecek